ADAMS <em>v.</em> ROCKWELL, 16 Wend. 285.

In S. Ct. 6 Wend. 467.

*Adverse possession ; Encroachment ; Acquiescence ; Evi-dence.*

THE Supreme Court held, that the acts and declarations of parties as to the *location of lands,* and thus creating a *conventional line,* may overrule the courses and distances in

their deeds; and that to give effect to such acts and declarations, it is not necessary that their legal operations upon the vested rights of the parties should be known to the parties against whom they are sought to be enforced."

"Acquiescence in an *erroneous* location, for a great length of time (*e. g.* 18 years) is *conclusive* upon a party making or acquiescing in such location.

"Evidence of the actual possession of settlers on adjacent tracts, in reference to a *division line*, attempted to be shown as recognized by one of the parties in a suit, is admissible.

"Where a *division* line between adjoining tracts, exists at its two extremities, and for the *principal* part of the distance between the two tracts, and as such is recognized by the parties, it will be a continuous line, although, on a portion of the distance, there is no improvement or division fence."

This was an action of replevin to recover certain logs cut on the disputed tract by the defendant, and on examining the facts and declarations relied on to support the conventional line, it is not at all surprising that the decision of the Supreme Court was *reversed* by the Court of Errors. 21 members for reversal, and 1 only dissenting.

The Court of Errors held, 1. where lands are described in a deed conveying the same, clearly and distinctly by courses and distances, so that upon actual survey, the true location of the tract can be ascertained with absolute certainty, the *owner* may assert his title to hold according to the true boundaries of his lands, notwithstanding that an encroachment has been made upon him by the owner of an adjoining tract, a line maintained in pursuance of such encroachment, recognized by the party encroached upon, and acquiesced in by him for a period of *eleven years; if the lands in dispute are in a state of nature,* i. e., covered with timber, *and no other occupation has been had than the occasional cutting down* of trees and drawing away of timber.

*It seems* that if during *such acquiescence,* expensive improvements by the erection of buildings or otherwise, had been made by the occupant upon the premises in dispute, the owner would have been held estopped from setting up the true line.

There was no evidence in this case of a deliberate settle-

ment of the erroneous line by *express agreement* founded upon a *bona fide* attempt to ascertain the true boundaries by *actual survey*, according to the courses and distances of the older deeds, both parties deriving title from the same source.

Judgment reversed.

#### Adverse Possession; Evidence.